**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ERIC C. BURGIE, ADC #120956;     PLAINTIFFS
and SAMUEL L. HENDERSON, ADC #120748

v.     NO. 4:12CV00051 JLH

JIM R. HANNAH, *et al.*     DEFENDANTS

## ORDER

Plaintiffs Eric C. Burgie and Samuel L. Henderson, currently incarcerated at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on January 25, 2012, naming as Defendants Justices Jim R. Hannah, Donald L. Corbin, Paul E. Danielson, Robert L. Brown, Elana Willis, Annabelle Clinton Imber, and Jim Gunter of the Arkansas Supreme Court; along with Sue Newberry, Arkansas Supreme Court Criminal Justice Coordinator, and Leslie W. Steen, Clerk of the Courts for the Arkansas Supreme Court.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1967), and adopting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level,"

*citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. N.D. Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citation omitted).

## II. Analysis

According to the complaint, in November of 2009 Burgie attempted to file pleadings to reopen the direct appeal of his criminal conviction, which had been previously closed, but Burgie's submissions were returned unfiled by Steen and Newberry. Plaintiffs relate that Newberry wrote Burgie a letter stating that the Arkansas Supreme Court specifically directed her to reject any pleading in a closed direct appeal that seeks to reopen the direct appeal.

Plaintiffs also contend that both Burgie and Henderson have attempted to file motions to recall the mandate, pursuant to Arkansas Supreme Court Rule 5-3(d), but Newberry and Steen have returned the pleadings, stating that there is no basis for filing the motion under the prevailing rules of state procedure. Finally, Plaintiffs assert that Burgie filed a motion for rule on the clerk, once Newberry and Steen rejected his motion to recall the mandate, but that motion was denied by the Arkansas Supreme Court without opinion.

Seven Defendants are Arkansas Supreme Court Justices. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Whether a judge's act can be considered "judicial" depends on the nature of the act itself, that is, whether the

act is a function normally performed by a judge in his judicial capacity. *See Forrester v. White*, 484 U.S. 219, 228-29 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). To the extent that any justice has refused to accept pleadings from either Plaintiff, such acts were undertaken in the performance of their judicial functions. Accordingly, Hannah, Corbin, Danielson, Brown, Willis, Imber, and Gunter, are entitled to immunity, and Plaintiffs' claims against them should be dismissed.

Neither Newberry nor Steen is a judge. Burgie challenged Newberry's actions regarding his efforts to reopen his direct appeal in *Burgie v. Hannah*, No. 4:09CV920 (E.D. Ark.). That case was dismissed, the dismissal was affirmed by the Eighth Circuit, and ultimately the United States Supreme Court denied Burgie's petition for a writ of certiorari. Accordingly, Burgie's claim regarding his direct appeal is precluded by the doctrine of collateral estoppel. Collateral estoppel is appropriate when four elements are present: (1) the issue sought to be precluded is identical to the issue previously decided, (2) the prior action resulted in a final adjudication on the merits, (3) the party sought to be estopped was either a party or in privity with a party to the prior action, and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action. *Irving v. Domire*, 586 F.3d 645, 647-48 (8th Cir. 2009) (internal citations omitted). Burgie himself was the only plaintiff in the previous case. Although Steen was not in Burgie's previous action, Burgie's claims in the instant case regarding the denial of his attempts to reopen his direct appeal are identical to those in his previous case, and there was a final adjudication on the merits in the earlier case. Burgie's earlier case was decided on Defendant's motion for summary judgment. Burgie had an opportunity to, and in fact did, respond to the motion before it was decided. The United States Court of Appeals for the Eighth Circuit conducted a de novo review of the record before affirming the dismissal. Accordingly, Burgie had a full and fair opportunity to be heard, all


elements are met, and Burgie's claim relating to his direct appeal is precluded by the doctrine of collateral estoppel.

Both Plaintiffs assert that Steen and Newberry denied them access to the courts when they refused to file Plaintiffs' motions to recall the mandate, pursuant to Arkansas Supreme Court Rule 5-3(d). Additionally, after that denial, Burgie filed a motion for rule on the clerk, which was denied by the Arkansas Supreme Court.[1] Thus, the refusal to file Burgie's motion to recall the mandate was ultimately the result of action by the Arkansas Supreme Court Justices, who are immune from suit. Therefore, Steen and Newberry did not deny Burgie access to the courts, and nothing they did caused Burgie any prejudice in his attempt to recall the mandate. There is no allegation that Henderson filed a motion for rule on the clerk. If Henderson is dissatisfied with Steen and Newberry's refusal to file his motion to recall the mandate, he should seek relief from the Arkansas Supreme Court. If Burgie is dissatisfied with the Arkansas Supreme Court's ruling, he must appeal that to the United States Supreme Court. *See Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970) (lower federal courts possess no power to sit in review of a state court decision); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Williams v. McKenzie*, 834 F.2d 152, 153 (8th Cir. 1987) (federal courts are not empowered to review state court proceedings even if a federal claim has been asserted therein); *see* 28 U.S.C. § 1257 (providing for United States Supreme Court review of state court judgments only

---

[1] Arkansas Supreme Court Rule 2-2(b) provides that if an appellant believes the Clerk is in error in refusing to docket the record, upon payment of the filing fee, the case will be tentatively docketed and numbered. The Rule further provides that if the motion is granted, the case proceeds in the regular manner. If it is denied, the case is stricken from the record.

through writ of certiorari). Accordingly, Plaintiffs' complaint must be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiffs' complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 23rd day of March, 2012.

*J. Leon Holmes*
UNITED STATES DISTRICT JUDGE